UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE FOSTER,

      Plaintiff

v.

JEREMY BUSH,

      Defendant.

_____/

Case No. 4:20-cv-11103
District Judge Stephanie D. Davis
Magistrate Judge Anthony P. Patti

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL (ECF No. 14)

### A.  Background

Plaintiff Robert Lee Foster is an inmate currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan.[1] He filed this action on March 20, 2020 against Jeremy Bush, the sole defendant and warden at the G. Robert Cotton Correctional Facility, where he was previously confined. (ECF No. 1, PageID.2, ¶ 1). Plaintiff alleges that Defendant failed to maintain an intercom and emergency lighting system that would allow him to alert correctional officers to an emergency. (*Id.*, PageID.3, ¶ 10, 13). Plaintiff alleges he was physically attacked by another inmate in his locked cell, and, because he could not properly alert officers to his aid, was forced to defend himself, which also resulted in

---

[1] *See* www.michigan.gov/corrections, "Offender Search."

1

punishment for fighting. (*Id*., ¶¶ 6-9, 14-15). Plaintiff is proceeding *in forma pauperis* on a civil rights claim under the Eighth Amendment, as well as state law tort theories. (*Id*., PageID. 5-6, ¶¶ 30-38).

On December 22, 2020, the Court entered an order staying the case, referring it to the Pro Se Prisoner Early Mediation Program. (ECF No. 10). However, on May 19, 2021, the mediation conference was cancelled, and the case was excluded from the program. (ECF No. 15). During the intervening period, Plaintiff filed this motion for the appointment of counsel. (ECF No. 14). His motion takes the form of a rather succinct letter in which he expresses his doubt that mediation will succeed and simply requests that counsel be appointed "[i]f no agreement is reached[] during this mediation process, and this [case] go[es] to trial." (ECF No. 14, PageID.97).

### B.     Standard

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court *may request* an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added).  However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has *discretion* to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see*

*also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases."). The appointment of counsel in a civil case, therefore, "is a privilege not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation omitted).

In prisoner civil rights cases, the Court of Appeals for the Sixth Circuit has held that the recruitment of an attorney to represent an indigent plaintiff is "justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004) (citations omitted). In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

    **C.**    **Analysis**

Here, the only apparent concern expressed in Plaintiff's motion for the appointment of counsel is the burden of a jury trial, which is further corroborated by a number of letters sent by Plaintiff to the Court concerning his plans for a jury

trial. (*See, e.g.*, ECF No. 7, 8).[2] However, due to the stay placed on this case and subsequent attempt at mediation, there has yet to be an answer or dispositive motion filed by Defendant, let alone any discovery. Thus, the current posture of the case signals that Plaintiff's request, given his concerns, is premature. Otherwise, Plaintiff has not indicated any exceptional circumstances that would potentially justify recruiting *pro bono* counsel any sooner than trial. Moreover, the issues in this case are not notably complex, and Plaintiff's pleadings are clear, demonstrating an ability to represent himself comparable to others in his situation.

### D. Order

Upon consideration, Plaintiff's motion for the appointment of counsel (ECF No. 14) is **DENIED WITHOUT PREJUDICE**. Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or other circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**

Dated: July 20, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] Within these letters, Plaintiff also expresses concern about that fact that, "My demand for a jury has not been enter[ed] on this docket." (ECF No. 7, PageID.49.) However, he may rest assured that the docket currently reflects his jury demand, as he made his desire clear in his opening pleading. (ECF No. 1, PageID.7.)