UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE FOSTER,

    Plaintiff,

v.

JEREMY BUSH,

    Defendant.

Case No. 20-11103
Honorable Laurie J. Michelson
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS [47], ADOPTING REPORT AND RECOMMENDATION [44], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [27]**

In 2019, Robert Lee Foster was incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan (JCF). At the time, he resided in a Level IV cell. According to Foster, Level IV cells come equipped with an intercom button to communicate with correctional officers in emergencies. (ECF No. 1, PageID.2.)

In September 2019, Foster filed a prison grievance stating that "there is no emergency light nor intercom in [my cell] to alert staff members in case of [an] emergency situation." (ECF No. 27-3, PageID.222.) (It is unclear if Foster meant that his cell had no intercom button or that it had one that did not work; in his complaint, he asserts that there was one that did not work. (*See* ECF No. 1, PageID.3.).) The grievance indicated that without the intercom, officers only checked on him every 30 minutes when completing their rounds. (ECF No. 27-3, PageID.222.) Foster grieved that this was problematic because of his medical conditions. (*Id.*) He also indicated that he "fear[ed] retaliation." (*Id.*)

Foster did not suffer a medical emergency that went unnoticed. Instead, the next month, Foster and his cellmate got into a fight. Foster alleges that he was in his sixties with medical conditions while his cellmate was "much younger" and "robust in stature." (ECF No. 1, PageID.2.) Foster says that he "felt his life was in danger." (*Id.*) According to Foster, he "made numerous attempts to alert Housing Unit Officers during the attack" and they "finally arrived after hearing loud noises coming from [his] cell." (*Id.* at PageID.13.) By the time officers arrived, the fight had progressed. In fact, Foster had "bit off" his cellmate's nose and bit his cellmate's finger. (ECF No. 1, PageID.3, 15.) Foster does not allege any prior issues with his cellmate or that he advised prison authorities that he was in any danger from his cellmate.

Foster maintained that he acted in self-defense, but a prison hearing officer found that Foster "participated in the physical confrontation by mutual agreement." (ECF No. 1, PageID.17.) Foster was found guilty of fighting and ordered to pay restitution for medical care. (ECF No. 1, PageID.3, 18.)

About five months after the fight, Foster filed this suit against JCF's warden, Jeremy Bush. In addition to state-law claims, Foster brought a claim under the Eighth Amendment. (ECF No. 1, PageID.5.) He asserted that he had "a constitutional right under the Eighth Amendment to personal safety and to be protected from harm while incarcerated" and that "the inoperable intercom/emergency lighting system posed a threat to [his] health and safety in violation of [his] rights under [the] Eighth Amendment." (ECF No. 1, PageID.5.)

In time, Bush moved for summary judgment. (ECF No. 27.) Although the sole basis for Bush's motion was that Foster did not properly exhaust his administrative remedies, that affirmative defense came in several flavors. According to Bush, for incidents occurring at JCF, Foster had only appealed three grievances to the third and final step of the process. (ECF No. 27, PageID.189; *see also* ECF No. 27-3, PageID.213.) And, argued Bush, all three of those grievances were initiated before the October 2019 attack, so they "could not exhaust the claims arising out of the attack." (ECF No. 27, PageID.196.) Alternatively, Bush argued that he was not the person grieved in the only two JCF grievances relating to conditions of confinement. (ECF No. 27, PageID.197.) Bush also argued that Foster appealed those two grievances to the third and final step of the process without step-two responses. (*Id.*) As yet another argument that Foster did not properly exhaust, Bush claimed that Foster only had until December 3, 2019 to file his step-three appeal for his grievance concerning the intercom, but his step-three appeal was not received until December 20, 2019. (*Id.*) As a final argument for non-exhaustion, Bush claimed that Foster filed this suit before receiving responses to his step-three appeal. (ECF No. 27, PageID.198.)

Bush's motion was referred to Magistrate Judge Anthony P. Patti for a report and recommendation. (ECF No. 18.) He recommends granting Bush's motion. (ECF No. 44.) The Magistrate Judge was skeptical about many of Bush's theories for why Foster did not properly exhaust his grievance about the intercom, including Bush's claim that Foster's appeals were untimely. (*See* ECF No. 44, PageID.328.) But the

3

Magistrate Judge credited one of Bush's arguments. He noted that Foster's complaint stated that "the injuries complained of in this lawsuit occurred on October 20, 2019 in [my] Housing Unit Cell No. J39/40." (ECF No. 1, PageID.2.) Yet, Foster's grievance about the intercom was filed in September 2019. In other words, the grievance predated the October 2019 attack. It followed, said the Magistrate Judge, that the September 2019 grievance "could not exhaust the claims *arising out of the attack*." (ECF No. 44, PageID.324 (emphasis in original).)

Foster has filed an objection. But his objection does not address the Magistrate Judge's reasoning. Although Foster's handwriting is very difficult to read, his objection apparently asserts that Bush's failure to respond to his grievance for three months caused his appeals to be untimely. (ECF No. 47, PageID.337; *see also* ECF No. 48, PageID.340 (similar).)[1] While this may be responsive to one of Bush's non-exhaustion arguments, it is not responsive to the Magistrate Judge's determination that the claims in this suit were unexhausted because the grievance about the intercom predated the attack. Accordingly, Foster's objection will be overruled. *See Shophar v. Gyllenborg*, No. 18-2125, 2019 WL 4843745, at *2 (6th Cir. Apr. 19, 2019) ("In his objections, Shophar did not present any arguments that challenged any

---

[1] In full, Foster's objection states: "Objection #1[.] Plaintiff received Step II response from Warden Jeremy Bush in December 2019. From September when Plaintiff submitted grievances Step II [indecipherable] Step II date in the record signed[?] by Jeremy Bush 3 months from September 2019. He did this intentionally [so] that Plaintiff's Step II will be untimely. Therefore, Plaintiff specifically requests the Court to dismiss Defendants' motion to dismiss Plaintiff's lawsuit. Defendant continues to deliberate[ly] disregard and mislead with the help of the attorney general representing him in this case." (ECF No. 47, PageID.337.)

specific portion of the report and recommendation. Consequently, Shophar forfeited his right to appeal the unobjected-to issues."). Indeed, even if Foster is correct about his grievance appeal being timely, it would not undermine the Magistrate Judge's determination.

* * *

In short, Foster has not shown that the Magistrate Judge erred. Accordingly, this Court ADOPTS the Magistrate Judge's report and recommendation (ECF No. 44) and GRANTS Bush's motion for summary judgment insofar as it seeks to dismiss Foster's claims under 42 U.S.C. § 1983 (ECF No. 27). Foster's claims under § 1983 are DISMISSED WITHOUT PREJUDICE for failure to exhaust. As for Foster's state-law claims, the Court declines to exercise supplemental jurisdiction over those claims and so they too are DISMISSED WITHOUT PREJUDICE.

Foster's motion for an injunction ordering installation of an emergency intercom system and emergency lighting at JCF (ECF No. 46) is DENIED as moot.

Foster's filings at ECF No. 47 and ECF No. 48 are not truly motions, and the Court has treated them as objections to the Magistrate Judge's report and recommendation. To the extent they are motions, they are DENIED.

SO ORDERED.

Dated: September 2, 2022

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE

5